
ROBERT E. FREITAS (STATE BAR NO. 80948)
DANIEL J. WEINBERG (STATE BAR NO. 227159)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

E-FILING

Attorneys for Plaintiff
Seagate Technology LLC

FILED
2007 NOV -8 P 5:08
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
S-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SEAGATE TECHNOLOGY LLC,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

    Defendant.

No. C07 05700 PVT

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES

Plaintiff Seagate Technology LLC ("Seagate") complains of defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") as follows:

1. Seagate is a California limited liability company with its principal place of business in Scotts Valley, California. The members of Seagate are California and Delaware corporations with their principal places of business in California.

2. On information and belief, defendant National Union is a Pennsylvania corporation with its principal place of business in New York.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity of citizenship is present because the members of Seagate and National Union are citizens of different states. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a).

4. National Union issued commercial general liability insurance policy No. RM GL 480-58-47 to Seagate with a policy period from July 1, 2003 through at least August 1, 2004 ("Policy No. RM GL 480-58-47"). National Union agreed in Policy No. RM GL 480-58-47 to provide insurance coverage to Seagate pursuant to the terms thereof in exchange for the payment of the required premium. Seagate has paid the required premium and has provided all other performance required of it under Policy No. RM GL 480-58-47.

5. Policy No. RM GL 480-58-47 requires National Union to "pay those sums the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies," and further provides that National Union "will have the right and duty to defend the insured against any 'suit' seeking those damages." National Union's duty to defend Seagate under Policy No. RM GL 480-58-47 requires that it provide a complete defense against any "suit" whenever there is a potential that Seagate might be held liable for damages covered by Policy No. RM GL 480-58-47. A "suit" includes a civil proceeding in which damages are sought as a result of "personal and advertising injury."

6. Policy No. RM GL 480-58-47 defines "personal and advertising injury" as including, among other things, "[o]ral or written publication, in any manner, of material that

slanders or libels a person or organization or disparages a person's or organization's goods, products, or services."

7. On or about June 22, 2004, Seagate filed a complaint against Cornice, Inc. ("Cornice") in the United States District Court for the District of Delaware in *Seagate Technology LLC v. Cornice, Inc.*, Case No. 04-418 SLR ("*Cornice* Litigation"). Seagate alleged that Cornice infringed seven United States patents. In response to the complaint, Cornice filed a counterclaim in which it alleged that Seagate informed Cornice's customers and potential customers that Cornice would be unable to supply its products because Cornice's products infringed Seagate's patents, thereby disparaging Cornice's goods, products, and services. Cornice further alleged that Seagate cautioned customers and potential customers from entering into supply contracts with Cornice as Cornice would no longer be able to sell its products because they infringe Seagate's patents. Cornice alleged that Seagate's infringement claims against Cornice and Seagate's statements regarding Cornice's goods, products, and services were objectively baseless because of "prior art that Seagate was aware of at the time it filed suit" and because "[Seagate] ignores and disregards the language of the asserted claims, which define and limit the scope of Seagate's alleged patent rights, and/or is premised on a characterization of the product that is false, baseless, and frivolous to the extent Seagate asserts infringement."

8. As a result of Cornice's counterclaim, Seagate faced potential liability for "personal and advertising injury" and National Union was obligated under Policy No. RM GL 480-58-47 to defend Seagate in the *Cornice* Litigation. Among other defenses, Seagate defended against the counterclaim and Cornice's allegations that subjected Seagate to potential liability for "personal and advertising injury" by establishing that Cornice's products infringed Seagate's patents.

9. National Union was provided with timely notice of the Cornice counterclaim. National Union recognized that the allegations of the Cornice counterclaim triggered its duty to defend Seagate, and National Union stated that it would defend Seagate, subject to a reservation of rights.

- 2 -

COMPLAINT FOR DAMAGES

10. Although National Union knew that it had no right to do so, National Union withheld the payment of millions of dollars in covered and reasonable defense costs on the basis of arbitrary and unreasonable "billing guidelines" and other pretexts by which it wrongly and in bad faith placed its interests ahead of those of Seagate.

## FIRST CAUSE OF ACTION

### (Breach Of Written Contract)

11. Seagate realleges and incorporates by reference the allegations of paragraphs 1-10, inclusive, as if set forth in full herein.

12. As a direct and proximate result of the failure and refusal of National Union to provide a proper defense, Seagate has been damaged in an amount subject to proof at trial, but in excess of $75,000, exclusive of interest and costs.

## SECOND CAUSE OF ACTION

### (Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

13. Seagate realleges and incorporates by reference the allegations of paragraphs 1-12, inclusive, as if set forth in full herein.

14. Implied in Policy No. RM GL 480-58-47 is a covenant that requires National Union to act in good faith and to deal fairly with Seagate. Among other things, this covenant requires National Union to conduct timely and reasonable investigations of all claims, to respond in a timely, specific, and reasonable fashion to all reasonable requests by Seagate for information, to respond in a timely, specific, and reasonable fashion to all requests for coverage determinations, to refrain from placing its interests ahead of Seagate's interests when evaluating coverage issues by making unreasonable coverage arguments or taking unreasonable coverage positions, to refrain from taking unreasonable or pretextual coverage positions, and to avoid all actions that would deny Seagate the benefits of the policy. National Union also agreed, and was required by law, to resolve all reasonable doubts about coverage in Seagate's favor.

15. National Union tortiously breached the implied covenant of good faith and fair dealing by unreasonably and in bad faith refusing fully and properly to pay the reasonable costs incurred by Seagate in the *Cornice* Litigation. Among other things, National Union refused

1  payment of reasonable expenses by imposing arbitrary and unreasonable billing guidelines to
2  which Seagate had never agreed, and which National Union had no right to impose, by
3  misclassifying work reasonable and necessary to Seagate's covered defense as not a part of the
4  defense, by imposing artificially low billing rates that have no basis in law or fact, and by failing
5  to resolve coverage issues in Seagate's favor notwithstanding the fact that Seagate's positions
6  were meritorious or were subject to reasonable doubt.

   16. As a direct and proximate result of National Union's tortious breach of the implied covenant of good faith and fair dealing, Seagate has incurred attorneys' fees and other expenses and has otherwise been damaged in an amount subject to proof at trial, but in excess of $75,000, exclusive of interest and costs.

   17. National Union's actions were taken with a conscious disregard for Seagate's rights and constitute oppression, fraud, and/or malice under California Civil Code § 3294. National Union knew that Seagate is entitled to the payments it requested from National Union, but decided wrongly and in bad faith to withhold payment. Seagate is entitled to recover punitive damages from National Union in an amount sufficient to punish National Union, and to deter National Union and other insurance companies from engaging in similar wrongful conduct.

   **WHEREFORE**, Seagate prays for judgment as follows:

   1. For compensatory damages in an amount according to proof;
   2. For punitive damages in an amount sufficient to punish National Union and to deter National Union and others from engaging in similar conduct in the future;
   3. For costs of suit and reasonable attorneys' fees incurred herein;
   4. For prejudgment interest; and
   5. For such other relief as the Court deems proper.

///
///
///
///
///

- 4 -

COMPLAINT FOR DAMAGES

Dated: November 8, 2007

ROBERT E. FREITAS
DANIEL J. WEINBERG
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Daniel J. Weinberg
Attorneys for Plaintiff
Seagate Technology LLC

## JURY DEMAND

Seagate demands a trial by jury as to all issues so triable.

Dated: November 8, 2007

ROBERT E. FREITAS
DANIEL J. WEINBERG
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Daniel J. Weinberg
Attorneys for Plaintiff
Seagate Technology LLC

COMPLAINT FOR DAMAGES