1  CHARLES A. REID, III (State Bar No. 221306)
   CHERYL A. SABNIS (State Bar No. 224323)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105-2235
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  *Of Counsel*
   WILLIAM T. CORBETT, JR. (*Pro Hac Vice* application to
6  be supplied*)*
   MARK D. SHERIDAN (*Pro Hac Vice* application to be
7  supplied)
   DRINKER BIDDLE & REATH LLP
8  500 Campus Drive
   Florham Park, New Jersey 07932-1047
9  Telephone: (973) 360-1100
   Facsimile: (973) 360-983

10

11 Attorneys for Defendant
   NATIONAL UNION FIRE INSURANCE COMPANY
   OF PITTSBURGH, PA;

12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY, LLC | Case No. C-07-05700 JW |
| Plaintiff, | |
| v. | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | |
| Defendant. | |

Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; by way of their Answer to defendant Seagate Technology, LLC's ("Seagate's") Complaint states as follows:

1. National Union denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. National Union admits the allegations contained in Paragraph 2 of the

1  Complaint.

2  3.  National Union admits the allegations contained in Paragraph 3 of the
3  Complaint.

4  4.  In response to the allegations contained Paragraph 4 of the Complaint
5  National Union admits that it issued commercial general liability insurance policy No.
6  RM GL 480-58-47 to named insured "NewSac" and others with a policy period from July
7  1, 2003 to September 30, 2004 (the "National Union Policy") and that certain premiums
8  have been paid in connection therewith. National Union denies the remaining allegations
9  contained in Paragraph 4 of the Complaint.

10  5.  In response to the allegation contained in Paragraph 5 of the Complaint,
11  National Union states that, as a written instrument, the National Union Policy speaks for
12  itself. National Union denies the allegations to the extent they either misquote or
13  mischaracterize the terms, conditions, exclusions, limitations and conditions of the
14  National Union Policy. In further response National Union states that the second sentence
15  of Paragraph 5 of the Complaint states a conclusion of law to which no responsive
16  pleading is necessary.

17  6.  In response to the allegation contained in Paragraph 6 of the Complaint
18  National Union states that as a written instrument, the National Union Policy speaks for
19  itself. National Union denies the allegations to the extent they either misquote or
20  mischaracterize the terms, conditions, exclusions, limitations and conditions of the
21  National Union Policy.

22  7.  In response to the allegation contained in Paragraph 7 of the Complaint
23  National Union states that as a written document the complaint in the Cornice Litigation
24  speaks for itself. National Union denies the allegations to the extent they either misquote
25  or mischaracterize the complaint in the Cornice Litigation. National Union further states
26  that the counterclaim in the Cornice Litigation is a written document that speaks for
27  itself. National Union denies the allegations contained in Paragraph 7 of the Complaint to
28  the extent they either misquote or mischaracterize the counterclaim in the Cornice

1  Litigation.

2      8.    Paragraph 8 of the Complaint states a conclusion of law to which no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, National Union denies the allegation contained in Paragraph 8 of the Complaint.

    9.    In response to the allegations contained in Paragraph 9 of the Complaint, National Union denies that it was provided with timely notice of the Cornice Counterclaim. National Union further states that it agreed to provide Seagate with a defense in the Cornice Litigation subject to a reservation of rights.

    10.    National Union denies the allegations contained in Paragraph 10 of the Complaint.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract)

    11.    National Union re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1-10 of the Complaint as if set forth at length herein.

    12.    National Union denies the allegations contained in Paragraph 12 of the Complaint.

## SECOND CAUSE OF ACTION
### (Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

    13.    National Union re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1-12 of the Complaint as if set forth at length herein.

    14.    Paragraph 14 of the Complaint states a conclusion of law to which no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, National Union denies the allegation contained in Paragraph 8 of the Complaint.

    15.    National Union denies the allegations contained in Paragraph 15 of the Complaint.

    16.    National Union denies the allegations contained in Paragraph 16 of the

1  Complaint.

2      17.    National Union denies the allegations contained in Paragraph 17 of the
3  Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Seagate's claim that it is entitled to insurance from National Union is barred by the terms, conditions, exclusions and limitations of the National Union Policy.

### THIRD AFFIRMATIVE DEFENSE

Seagate's claim that it is entitled to insurance from National Union is barred to the extent Seagate has failed to comply with any and all conditions precedent and subsequent to recovery as set forth by the National Union Policy.

### FOURTH AFFIRMATIVE DEFENSE

With respect to the Cornice Litigation, coverage under the National Union Policy is barred to the extent that the alleged losses were not fortuitous.

### FIFTH AFFIRMATIVE DEFENSE

With respect to the Cornice Litigation, coverage under the National Union Policy is barred to the extent the alleged losses were known to Seagate at the time the policy was procured.

### SIXTH AFFIRMATIVE DEFENSE

With respect to the Cornice Litigation, coverage under the National Union Policy is barred to the extent the alleged losses resulted from intentional or willful acts of Seagate.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage under the National Union Policy is barred by operation of law, including §533 and §1668 of the California Insurance Code.

### EIGHTH AFFIRMATIVE DEFENSE

The National Union Policy provides no coverage for loss or damage which constitutes,

represents or arises out of claims, demands or suits seeking equitable, restitutionary or injunctive relief.

### NINTH AFFIRMATIVE DEFENSE

National Union has no obligation to pay defense costs incurred in the Cornice Litigation before Seagate tendered to National Union its demand for defense.

### TENTH AFFIRMATIVE DEFENSE

With respect to the Cornice Litigation, coverage is barred to the extent that Seagate has failed to perform its obligations and comply with the terms, conditions and provisions of the National Union Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

That the basis and method by which punitive damages are imposed upon insurers are constitutionally infirm and giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and equivalent provisions of the California Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

That allowing imposition of punitive and exemplary damages for bad faith breach of an insurance contract violates National Union's rights to equal protection under the laws and their rights to be free from cruel and unusual punishment as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and equivalent provisions of the California Constitution and under statutory and common law of California.

### THIRTEENTH AFFIRMATIVE DEFENSE

That the law allowing the wealth of a defendant insurance company to be the primary measure for the imposition of punitive and exemplary damage in an action for bad faith, breach of insurance contract constitutes an impermissible punishment of status in violation of its rights to due process and equal protection of laws under the Fifth and Fourteenth Amendments of the United States Constitution, and equivalent provisions of the California Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

National Union reserves the right to rely in this action upon any and all defenses it has or

1  may have against Seagate under the National Union Policy or at law, including the right to assert
2  additional defenses in this matter.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that National Union is found to have any obligations to Seagate, such obligations are subject to the limits of liability and deductible provision of the National Union Policy, any other provisions, terms or conditions of the National Union Policy that restrict or limit National Union's obligations or duties.

**WHEREFORE**, National Union requests that Seagate's request for relief be denied and that judgment be entered against Seagate and in favor of National Union as follows:

1. Dismissing Seagate's Complaint in its entirety with prejudice; and
2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 14, 2007            DRINKER BIDDLE & REATH LLP

/s/ Cheryl A. Sabnis
CHERYL A. SABNIS

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA;