1  ROBERT E. FREITAS (STATE BAR NO. 80948)
   rfreitas@orrick.com
2  DANIEL J. WEINBERG (STATE BAR NO. 227159)
   dweinberg@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, California  94025
   Telephone:   650-614-7400
5  Facsimile:   650-614-7401

6  Attorneys for Plaintiff
   SEAGATE TECHNOLOGY LLC
7

8
                UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN JOSE DIVISION
11

12 | SEAGATE TECHNOLOGY LLC,              | CASE NO:  C 07 05700 JW
13 |         Plaintiff,                   | **JOINT CASE MANAGEMENT
14 |     v.                               | CONFERENCE STATEMENT AND
15 |                                      | [PROPOSED] ORDER**
   | NATIONAL UNION FIRE INSURANCE
16 | COMPANY OF PITTSBURGH, PA, a
   | Pennsylvania corporation,
17 |         Defendant.

The parties to the above-entitled action jointly submit this Case Management Conference Statement and Proposed Order.

## I.   JURISDICTION AND SERVICE

There is no dispute that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is no dispute concerning personal jurisdiction or venue in the action.  All named parties have been served at this time.

## II.   FACTS

National Union issued commercial general liability insurance policy No. RM GL 480-58-47 to Seagate with a policy period from July 1, 2003 through at least August 1, 2004 ("Policy No. RM GL 480-58-47").

On or about June 22, 2004, Seagate filed a complaint against Cornice, Inc. ("Cornice") in the United States District Court for the District of Delaware in *Seagate Technology LLC v. Cornice, Inc.*, Case No. 04-418 SLR ("*Cornice* Litigation").  Seagate alleged that Cornice infringed seven United States patents.  Cornice filed a counterclaim in which it alleged that Seagate disparaged Cornice's goods, products, and services.  Among other defenses, Seagate defended against the counterclaim by establishing that Cornice's products infringed Seagate's patents.  National Union was provided with notice of the Cornice counterclaim and National Union stated that it would defend Seagate, subject to a reservation of rights.

On November 8, 2008, Seagate filed its complaint in this action for beach of contract and tortious breach of the covenant of good faith and fair dealing.

## III.   LEGAL ISSUES

Although discovery in this case has not yet begun, the parties believe that there are two primary legal disputes.  First, the parties dispute whether National Union breached Policy No. RM GL 480-58-47. Second, the parties dispute whether National Union has acted in good faith with respect to Seagate's claim for defense costs.  Additional legal issues may emerge in discovery.

### IV. MOTIONS

No motions are currently pending.

### V. AMENDMENT OF PLEADINGS

No additional parties are known at this time. The parties do not expect to add or dismiss parties, claims or defense at this time. The parties propose that the deadline for amending the pleadings shall be February 28, 2008.

### VI. EVIDENCE PRESERVATION

The parties believe electronic discovery may be an aspect of this case.

### VII. DISCLOSURES

The parties have met and conferred regarding the initial disclosures required by Federal Rules of Civil Procedure 26(a). The parties will exchange initial disclosures on February 28, 2008. That will include the exchange of the insurance policy at issue, the names and addresses of all persons likely to have discoverable information that may be used to support claims or defenses, and copies of or description by category and location of all documents in each parties control that may be used to support claims or defenses.

### VIII. DISCOVERY

There has been no discovery taken to date.

**A.    Discovery Parties Intend to Pursue.**

**1.    Plaintiffs' Statement**

Seagate intends to take discovery into National Union's investigation of and basis for denying Seagate the full and proper amount of its defense costs. Further, Seagate intends to discover the manner in which National Union has determined the amount of defense costs in prior actions, as well as the amount of National Union's reserves and reinsurance.

**2.    Defendant's Statement**

National Union intends to take discovery concerning Seagate's application for insurance coverage, the negotiation and brokering of Policy No. RM GL 480-58-47 including, but not limited to, the provision obligating Seagate to reimburse National Union upon conclusion of the

underlying action, and Seagate's failure to replenish funds owed to the National Union defense fees account.

### B. Discovery Stipulations

The parties do not believe that there need be any changes to the limits imposed on discovery by the Federal Rules of Civil Procedure.

### C. Protective Order

The parties plan to stipulate to a protective order which they will submit to the Court for entry shortly following the Case Management Conference.

### D. Timing of Discovery and Other Discovery Issues

The parties agreed that fact discovery should close on July 31, 2008. The parties reserve their right to apply to the Court in the future for an order either permitting further discovery or imposing additional limitations upon discovery.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

None.

## XI. RELIEF

Seagate seeks compensatory damages, punitive damages, costs of suit and reasonable attorneys' fees, prejudgment interest, and such other relief as the Court deems proper. National Union asks that Seagate's Complaint be dismissed in its entirety, and that it obtain such other relief as the Court deems proper.

## XII. SETTLEMENT AND ADR

The parties agree to mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**XIV. OTHER REFERENCES**

The parties do not presently believe that this case is suitable for the other references cited.

**XV. NARROWING OF ISSUES**

The parties are not presently aware of any issues that can be narrowed by agreement or motion but reserve the right to seek such narrowing and will do so in conjunction with the mandatory Pretrial Conference.

**XVI. EXPEDITED SCHEDULE**

The parties do not request or believe that an expedited schedule is appropriate for this case.

**XVII. SCHEDULING**

The parties propose the following schedules:

| | |
|---|---|
| Fact discovery (non-expert) cut-off | July 31, 2008 |
| Designation of experts, disclosures and expert reports | August 4, 2008 |
| Disclosure of rebuttal experts | August 25, 2008 |
| Expert discovery cut-off | September 15, 2008 |
| Dispositive motion cut-off (the parties will meet and confer regarding when dispositive motions should be set for hearing.) | September 22, 2008 |
| Final Pre-Trial Conference | November 21, 2008 |
| Trial commencing (The parties anticipate a one week jury trial). | December 15, 2008 |

**XVIII. TRIAL**

The parties have demanded a jury trial and anticipate that trial will last approximately 3-5 days. It may be possible to reduce the length of trial by stipulation, use of summaries, etc., but it is too early for the parties to determine whether that is the case. The parties do not believe that

bifurcation of the issues is appropriate in this case.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PARTIES**

Both parties have filed a "Certification of Interested Entities or Parties."

**XX.   OTHER ISSUES**

Not Applicable.

Dated: February 19, 2008             Respectfully submitted,

                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

                                              /s/ Daniel J. Weinberg /s/
                                              Daniel J. Weinberg
                                              Attorneys for Plaintiff
                                              SEAGATE TECHNOLOGY LLC

Dated: February 19, 2008             DRINKER, BIDDLE & REATH LLP

                                              /s/ Mark D. Sheridan /s/
                                              Mark D. Sheridan
                                              Attorneys for Defendant
                                              NATIONAL UNION FIRES INSURANCE
                                              COMPANY OF PITTSBURGH, PA

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

                                              Respectfully submitted,

                                              /s/ Daniel J. Weinberg /s/
                                              Daniel J. Weinberg

1  **CASE MANAGEMENT ORDER**

2      The Case Management Statement and Proposed Order is hereby adopted by the Court as

3  the Case Management Order for the case and the parties are ordered to comply with this Order.

4  Dated:

5                                                James Ware

6                                United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 19, 2008.

        Respectfully submitted,

        /s/ Daniel J. Weinberg /s/
        Daniel J. Weinberg