1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10                          SAN JOSE DIVISION
11

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>            Defendant. | CASE NO. C 07-5700 JW<br><br>**[PROPOSED] PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY** |

# ORDER REGARDING THE DESIGNATION AND HANDLING
# OF CONFIDENTIAL MATERIALS

Pursuant to and based on the June 9, 2008 Stipulation of plaintiff Seagate Technology LLC ("Seagate") and defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and pursuant to Fed. R. Civ. P. 26(c)(1)(G), the COURT HEREBY ORDERS that the designation and handling of confidential materials in this case shall be governed by the terms set forth in this Order.

1. This Stipulated Protective Order ("Order") shall apply in the above-captioned action and shall govern all documents or other materials exchanged, produced or disclosed in this action by any party to this action, including third parties.

2. As used herein, "document" means any transcript of deposition or hearing, exhibit, declaration, affidavit, pleading, motion, and other documents and things, and all information obtained by an inspection or copying of any program, process, technique, plan, drawing, document, procedure or other tangible thing from which information can be obtained or translated.

3. Any party may designate any documents or materials produced by that party or a third party in this action which that party considers in good faith to contain confidential, trade secret, technical, financial, and/or proprietary business information as confidential information (**"Confidential Information"**) subject to the terms of this Order by stamping such document **"CONFIDENTIAL,"** or by advising the other parties in writing that documents bearing specified production numbers, transcripts, or other pleadings or papers filed or served in this action are confidential. The parties may make such a designation at the time such documents, or copies thereof, are delivered to the receiving party, or within ten (10) days thereafter in the event such labeling or marking is inadvertently omitted.

4. Any document that has been or will be designated in good faith by either party as Confidential Information in accordance with Paragraph 3 above, and any information in such documents, shall not be disclosed to any person by non-designating counsel, except disclosure may be made to:

   a. Any officer, director, or employee of a party, not to exceed five (5) for each party, to the extent disclosure to such officer, director, or employee is deemed necessary by counsel for the prosecution or defense of this action, if such officer, director, or employee has signed an acknowledgement as set forth in Paragraph 6 below;

   b. Outside counsel retained by the parties for the purpose of prosecuting or defending this action, and their employees;

   c. Employees of graphics or design services retained by counsel for a party for the purpose of preparing demonstrative or other exhibits for depositions, hearings, trial or other proceedings in this action, and employees of outside copy services retained for the purpose of producing documents in this action, if such employees have signed an acknowledgment as set forth in Paragraph 6 below;

   d. Any person who testifies at a deposition or hearing in this action, except that such person may only be shown Confidential Information during his or her deposition or hearing testimony and may not retain any Confidential Information;

   e. Outside consultants or experts retained to assist counsel in this action, if such consultants or experts have signed an acknowledgment as set forth in Paragraph 6 below; and

   f. Court and Court personnel.

5. All Confidential Information produced, disclosed or exchanged in the course of this action shall be used by the party to whom the information is produced or disclosed solely for the purpose of this action, and for no other purpose. Any party who receives Confidential Information from another party may only use such information in accordance with the terms of this Order.

6. In no event shall any Confidential Information be disclosed to any person identified in Paragraphs 4.a, 4.c, and 4.e , above, until such person has executed a written acknowledgment agreeing to be bound by the terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment"). The original of the Acknowledgement shall be maintained by the non-disclosing party.

1    7.     If a question is asked at a deposition that calls for the disclosure of Confidential

2 Information, the witness shall answer the question unless instructed not to do so on grounds of

3 privilege, but the only persons who may be present when the question is answered are persons

4 qualified to receive Confidential Information pursuant to the terms of this Order.  Counsel may

5 designate the deposition testimony as Confidential Information by:  (a) identifying such testimony

6 on the record at the deposition; or (b) within 15 calendar days after receipt of the deposition

7 transcript, notifying counsel for the other party of the designation in writing.  All transcripts of

8 depositions shall be treated as Confidential Information until 15 days after receipt thereof by all

9 counsel or counsel for the witness, whichever is later.

10   8.     When Confidential Information is incorporated in a deposition or hearing

11 transcript, the party designating the Confidential Information shall make arrangements with the

12 court reporter not to disclose any such information except in accordance with the terms of this

13 Order, to bind separately the portions of the transcript containing Confidential Information, to

14 label each page of the transcript containing Confidential Information with an appropriate legend,

15 and to place the following notice on an envelope containing the designated portions of the

16 original transcript and/or any exhibits containing Confidential Information:

17                             RESTRICTED

18       This document is under seal, contains information designated by
        [party] as Confidential Information, and may not be examined
19       except in accordance with the Protective Order issued in this case
        on _____, 2008.
20

21 Non-original copies of the transcript and/or exhibits containing Confidential Information must

22 also be bound separately, labeled on each page and on the cover with an appropriate legend, and

23 maintained in accordance with their respective designations.

24 / / /

25 / / /

26

27

28

- 3 -
[PROPOSED] PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY

OHS West:260453316.1

1     9.  All papers filed with the Court containing Confidential Information shall be filed in a sealed envelope or container or otherwise as required by the applicable Local Rules or as otherwise required by law.  The cover sheet on the envelope or container shall display a notation substantially in the following form:

DOCUMENT SUBMITTED UNDER SEAL:

> This document is under seal, contains information designated by [party] as Confidential Information, and may not be examined except in accordance with the Protective Order issued in this case on _____, 2008.

10.  A party may request disclosure of Confidential Information to any person other than those permitted access to such information pursuant to the terms of this Order.  The party shall serve a written request to the designating party, stating the name of the person to whom disclosure would be made, the reasons for disclosure, and the information to be disclosed.  If, within 5 business days following receipt of said request, the designating party objects in writing to the proposed disclosure, the parties are required to meet and confer to seek agreement on the requested disclosure.  Thereafter, if the parties cannot agree, the designating party shall seek relief of the Court within 15 business days following receipt of said request and shall have the burden of proving that information has been properly designated as Confidential Information.  No disclosure shall be made pending an order of the Court or agreement of the designating party.  Any disclosure pursuant to this paragraph, either as agreed to by the designating party or ordered by the Court, shall be made only upon compliance with the terms of Paragraph 5 of this Order.

11.  Nothing in this Order shall preclude:  (a) outside counsel for any party to this action from showing a document designated as Confidential Information to an individual who authored or prepared the document or received it prior to the filing of this action; (b) a party from disclosing or using the party's own information or documents which the party itself has designated as Confidential Information; or (c) a party from disclosing or using documents designated as Confidential Information that the party obtained from a source other than the producing party.  Such disclosure shall not waive the protection of this Order and shall not entitle the other party or its attorneys to disclose such information or documents.

12. The parties to this Order and their counsel shall attempt to reach a stipulated agreement regarding the use at trial of any Confidential Information. If the parties are unable to reach an agreement, they will submit the issue to the Court for decision.

13. Failure to oppose the designation of documents as Confidential Information shall not constitute an admission or concession by the non-designating party that the document or the information therein is confidential, proprietary property or trade secrets.

14. Nothing in this Order shall prevent a party receiving a document designated Confidential Information from seeking a further order of the Court declaring that such a document shall not be subject to the provisions of this Order. Upon motion, the Court may make any order that justice requires for the prevention of, or the protection of, any party from oppression or undue burden or unnecessary expense, due to unreasonable use of the right to designate documents as Confidential Information.

15. Nothing in this Order shall prevent a party from seeking any change or modification in this Order.

16. Within 30 days after a termination of this action whether by final adjudication, settlement, or otherwise, any party who designated Confidential Information may request the destruction of all such designated documents, together with all copies of same, including extracts or summaries thereof or documents containing information taken therefrom, in the actual or constructive possession, custody or control of any party. If a party requests the destruction of Confidential Information by the party receiving Confidential Information, the party destroying Confidential Information shall certify in writing that all Confidential Information has been destroyed within a reasonable time of the requested destruction.

17. Nothing in this Order shall limit any confidentiality obligation any party has to another party by law or by contract.

18. This Order shall be without prejudice to the right of any party to object to the production of any information or to object to the admission of evidence on any lawful ground.

///

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3  Dated: _____        _____
                                          United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") dated _____, 2008, in *Seagate Technology, Inc., v. National Union Fire Insurance Company of Pittsburgh, PA,* Case No. C 07-5700 JW.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order. I further understand that by signing below, I consent to jurisdiction of the United States District Court, Northern District of California solely for the purpose of any proceeding to enforce the terms of the Order.

Dated: _____, 2008          _____
                                              (Signature)

- 1 -
[PROPOSED] PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY

OHS West:260453316.1