UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA,<br><br>        Defendant. | Case No.: C 07-5700 JW (PVT)<br><br>**INTERIM ORDER re Parties'**<br>**Proposed Form of Protective Order** |

Presently before the court is the parties' proposed form of protective order governing the handling of confidential materials.[1] Based on the form of order submitted,

IT IS HEREBY ORDERED that no later than October 3, 2008, the parties shall submit a revised form of order that:

    1.    Describes the information that may be designated "CONFIDENTIAL" as "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure."

    2.    Provides that any party seeking to file with the court any documents containing information designated "CONFIDENTIAL" must comply with this court's Civil Local Rule 79-5.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Order, *page 1*

3. Revises Paragraphs 10 and 14 to provide clearer procedures for resolving disputes over: a) whether a receiving party may disclose information designated "CONFIDENTIAL" to a particular person not otherwise granted access by the protective order;[2] and b) whether particular information designated "CONFIDENTIAL" should be de-designated.  With regard to the latter, the parties shall use language substantially similar to that found in Section 6 ("Challenging Confidentiality Designations") of this court's model form of protective order.[3]

4. Revises Paragraph 11 to provide that if a party believes information designated "CONFIDENTIAL" has been disclosed publicly, and that such disclosure was not in violation of the protective order, that party must nonetheless treat the information as "CONFIDENTIAL" absent agreement of the Designating Party or order of the court to the contrary.

5. Revises Paragraph 11 to provide that the disclosures allowed in subparagraphs (a) and (b) do not waive the protection of the order so long as, even in light of the particular disclosure(s), protection remains warranted under Rule 26(c).

6. Revises Paragraph 12 to clarify that even if the parties reach an agreement regarding the handling of Confidential Information at trial, their agreement is subject to court approval.

7. Revises Paragraph 16 to clarify that it does not apply to materials filed or submitted to the court.  *See* CIVIL L.R. 79-5(f).

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated:  *9/15/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]   As drafted, Paragraph 11 conflates the two situations and appears to require the parties to continue to treat information as "CONFIDENTIAL" even if the designating party fails to establish that the information has been properly designated.

[3]   The court's model form of protective order is available from on Forms section of the court's website (www.uscourts.gov).

ORDER, *page 2*