IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Seagate Technology, LLC,<br><br>        Plaintiff,<br>  v.<br><br>National Union Fire Insurance Company of Pittsburgh, PA,<br><br>        Defendant.<br>_____/ | NO. C 07-05700 JW<br><br>**ORDER SUSTAINING OBJECTION TO MAGISTRATE JUDGE'S ORDER; REMANDING ISSUE OF TRIAL COUNSEL DEPOSITION TO MAGISTRATE JUDGE FOR FURTHER CONSIDERATION** |

On July 15, 2007, Magistrate Judge Trumbull issued an order denying Plaintiff's motion for a protective order with respect to Defendant's attempt to depose Plaintiff's trial counsel, Robert Freitas. (hereafter, "Order," Docket Item No. 167.) Presently before the Court is Plaintiff's Objection to Magistrate Judge Trumbull's Order Denying Motion for Protective Order Re Deposition of Robert Freitas. (hereafter, "Objection," Docket Item No. 171.) On August 5, 2009, the Court directed Defendant to file a response to Plaintiff's Objection. (Docket Item No. 175.) On August 10, 2009, Defendant filed its response. (Docket Item No. 176.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter. See Civ. L.R. 72-2.

Upon review, the Court finds Judge Trumbull cited the appropriate test for the permissibility of deposing trial counsel, as stated by the Eighth Circuit in Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).[1]  (Order at 2.)  Although the test in Shelton has three prongs, Judge Trumbull only expressly found that Defendant had met the second prong.  Later in her Order, Judge Trumbull stated without further explanation that "the Shelton test is inherently met in the present circumstances."  (Id.)  Judge Trumbull did not, however, explicitly discuss whether no other means existed to obtain the information sought from Robert Freitas or whether that information was crucial to Defendant's preparation of the case.

Not being apprised of all the facts before Judge Trumbull, however, the Court is not in a position to make a final determination as to whether the deposition of Robert Freitas is appropriate under Shelton.  Rather, the Court finds it appropriate to remand this issue to Judge Trumbull to consider whether Defendant has offered facts in satisfaction of the first and third prongs of the Shelton test.

Accordingly, the Court SUSTAINS Plaintiff's Objection to Judge Trumbull's Order and REMANDS this issue to Judge Trumbull for further consideration.

Dated: August 14, 2009

JAMES WARE
United States District Judge

---

[1] To take opposing trial counsel's deposition, a party must show: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.  Shelton, 805 F.2d at 1327.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel Justin Weinberg dweinberg@orrick.com
Rebecca R. Weinreich weinreich@lbbslaw.com
Robert E. Freitas rfreitas@orrick.com
Stephen Vincent Kovarik kovarik@lbbslaw.com
Theresa Ann Sutton tsutton@orrick.com

**Dated: August 14, 2009**                                **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**