UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA,<br><br>            Defendant. | Case No.: C 07-5700 JW (PVT)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO EXTEND TIME AND FOR RELIEF FROM INADVERTENT WAIVER OF OBJECTIONS; AND**<br><br>**ORDER EXTENDING TIME TO MOVE TO COMPEL AS TO THE SUBJECT DISCOVERY REQUESTS** |

On June 29, 2009, Defendant filed a motion to extend time and for relief from inadvertent waiver of objections. Plaintiff opposed the motion.[1] Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED. The time for Defendant to serve responses to Plaintiff's third set of interrogatories and fifth set of requests for production is

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

hereby extended, *nunc pro tunc*, to July 9, 2009.[2]  The responses Defendant served on that date are deemed timely, and thus none of the objections set forth therein have been waived.  Applying the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993),[3] the court finds that Defendant's failure to timely respond to those discovery requests was the result of excusable neglect.  First, any prejudice to Plaintiff can be eliminated by extending the time for Plaintiff to move to compel responses if the parties cannot resolve their differences over Defendant's objections through the usual meet and confer process.  Second, Defendant sought this relief and rectified its error promptly after the error was brought to its attention, and the short delay will not have any significant impact on the judicial proceedings herein.  Third, it appears Defendant has a reasonable procedure for bringing discovery requests to the attention of the responsible attorneys and calendaring response deadlines; the fact the procedure was not followed with regard to these requests appears to be a simple matter of human error.  Finally, it appears Defendant has acted in good faith.  Under all of the circumstances, the court finds the clerical error in this case constitutes excusable neglect.

IT IS FURTHER ORDERED that Plaintiff is granted relief from the deadline for filing motions to compel solely as to Plaintiff's third set of interrogatories and fifth set of requests for production.  Any such motion to compel shall be filed no later than September 8, 2009.

Dated: *8/14/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]  The court does not consider this to be an extension of the discovery cut-off, in that the discovery requests were duly served sufficiently in advance of the cut-off to allow the deadline for responding to occur by the cut-off date.

[3]  *See also, Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996) (noting that the "excusable neglect" analysis of *Pioneer* applies to Rule 6(b)).

ORDER, *page 2*