1  CHARLES A. REID, III (State Bar No. 221306)
   DRINKER BIDDLE & REATH LLP
2  50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
3  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
4
   *Of Counsel*
5  MARK D. SHERIDAN (*Pro Hac Vice* application to be supplied)
   HEATHER M. HUGHES (*Pro Hac Vice* application to be supplied)
6  DRINKER BIDDLE & REATH LLP
   500 Campus Drive
7  Florham Park, New Jersey 07932-1047
   Telephone: (973) 360-1100
8  Facsimile: (973) 360-983

9  Attorneys for Defendant
   NATIONAL UNION FIRE INSURANCE COMPANY OF
10 PITTSBURGH, PA;

11
   ROBERT E. FREITAS (STATE BAR NO. 80948)
12   rfreitas@orrick.com
   DANIEL J. WEINBERG (STATE BAR NO. 227159)
13   dweinberg@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
14 1000 Marsh Road
   Menlo Park, California 94025
15 Telephone:   650-614-7400
   Facsimile:   650-614-7401
16
   Attorneys for Plaintiff
17 SEAGATE TECHNOLOGY LLC

18
                          UNITED STATES DISTRICT COURT
19
                         NORTHERN DISTRICT OF CALIFORNIA
20
                                SAN JOSE DIVISION
21

22 | SEAGATE TECHNOLOGY LLC, | CASE NO. C 07-5700 JW |
23 | Plaintiff, | |
24 | v. | **STIPULATED PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY** |
25 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation, | |
26 | Defendant. | |
27
28

---
PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY
OHS West:260524856.1

   **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, Seagate Technology, LLC ("Seagate") and Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), through their undersigned counsel, subject to the approval of the Court, that the following Stipulated Protective Order shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery of this matter

   1. This Stipulated Protective Order ("Order") shall apply in the above-captioned action and shall govern all documents or other materials exchanged, produced or disclosed in this action by any party to this action, including third parties.

   2. As used herein, "document" means any transcript of deposition or hearing, exhibit, declaration, affidavit, pleading, motion, and other documents and things, and all information obtained by an inspection or copying of any program, process, technique, plan, drawing, document, procedure or other tangible thing from which information can be obtained or translated.

   3. Any party may designate any information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure that party considers in good faith to contain confidential, trade secret, technical, financial, and/or proprietary business information as confidential information (**"Confidential Information"**) subject to the terms of this Order by stamping such document **"CONFIDENTIAL,"** or by advising the other parties in writing that documents bearing specified production numbers, transcripts, or other pleadings or papers filed or served in this action are confidential. The parties may make such a designation at the time such documents, or copies thereof, are delivered to the receiving party, or within ten (10) days thereafter in the event such labeling or marking is inadvertently omitted.

   4. Any document that has been or will be designated in good faith by either party as Confidential Information in accordance with Paragraph 2 above, and any information in such documents, shall not be disclosed to any person by non-designating counsel, except disclosure may be made to:

        a.    Any officer, director, or employee of a party, not to exceed five (5) for each party, to the extent disclosure to such officer, director, or employee is deemed necessary by counsel for the prosecution or defense of this action, if such officer, director, or employee has signed an acknowledgement as set forth in Paragraph 6 below;

        b.    Outside counsel retained by the parties for the purpose of prosecuting or defending this action, and their employees;

        c.    Employees of graphics or design services retained by counsel for a party for the purpose of preparing demonstrative or other exhibits for depositions, hearings, trial or other proceedings in this action, and employees of outside copy services retained for the purpose of producing documents in this action, if such employees have signed an acknowledgment as set forth in Paragraph 6 below;

        d.    Any person who testifies at a deposition or hearing in this action, except that such person may only be shown Confidential Information during his or her deposition or hearing testimony and may not retain any Confidential Information;

        e.    Outside consultants or experts retained to assist counsel in this action, if such consultants or experts have signed an acknowledgment as set forth in Paragraph 6 below; and

        f.    Court and Court personnel.

5.    All Confidential Information produced, disclosed or exchanged in the course of this action shall be used by the party to whom the information is produced or disclosed solely for the purpose of this action, and for no other purpose.  Any party who receives Confidential Information from another party may only use such information in accordance with the terms of this Order.

6.    In no event shall any Confidential Information be disclosed to any person identified in Paragraphs 4.a, 4.c, and 4.e , above, until such person has executed a written acknowledgment agreeing to be bound by the terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment").  The original of the Acknowledgement shall be maintained by the non-disclosing party.

1        7.      If a question is asked at a deposition that calls for the disclosure of Confidential Information, the witness shall answer the question unless instructed not to do so on grounds of privilege, but the only persons who may be present when the question is answered are persons qualified to receive Confidential Information pursuant to the terms of this Order. Counsel may designate the deposition testimony as Confidential Information by: (a) identifying such testimony on the record at the deposition; or (b) within 15 calendar days after receipt of the deposition transcript, notifying counsel for the other party of the designation in writing. All transcripts of depositions shall be treated as Confidential Information until 15 days after receipt thereof by all counsel or counsel for the witness, whichever is later.

         8.      When Confidential Information is incorporated in a deposition or hearing transcript, the party designating the Confidential Information shall make arrangements with the court reporter not to disclose any such information except in accordance with the terms of this Order, to bind separately the portions of the transcript containing Confidential Information, to label each page of the transcript containing Confidential Information with an appropriate legend, and to place the following notice on an envelope containing the designated portions of the original transcript and/or any exhibits containing Confidential Information:

RESTRICTED

> This document is under seal, contains information designated by [party] as Confidential Information, and may not be examined except in accordance with the Protective Order issued in this case on October 21, 2009.

Non-original copies of the transcript and/or exhibits containing Confidential Information must also be bound separately, labeled on each page and on the cover with an appropriate legend, and maintained in accordance with their respective designations.

         9.      All papers filed with the Court containing Confidential Information shall be filed in a sealed envelope or container or otherwise as required by the applicable Local Rules or as otherwise required by law. The cover sheet on the envelope or container shall display a notation substantially in the following form:

DOCUMENT SUBMITTED UNDER SEAL:

This document is under seal, contains information designated by [party] as Confidential Information, and may not be examined except in accordance with the Protective Order issued in this case on October 21, 2009.

10. Any party seeking to file with the Court any documents containing information designated "CONFIDENTIAL" must comply with the Court's Local Rule 79-5.

11. Unless a prompt challenge to the designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12. A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

13. A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

14.     The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

15.     Nothing in this Order shall preclude:  (a) outside counsel for any party to this action from showing a document designated as Confidential Information to an individual who authored or prepared the document or received it prior to the filing of this action; (b) a party from disclosing or using the party's own information or documents which the party itself has designated as Confidential Information; or (c) a party from disclosing or using documents designated as Confidential Information that the party obtained from a source other than the producing party.  The disclosures allowed under subsections (a) or (b) do not waive the protection of the order so long as, even in light of the particular disclosure(s), protection remains warranted under Rule 26(c).  If a party believes that information designated "CONFIDENTIAL" has been disclosed publicly, and that such disclosure was not in violation of the protective order, that party must nonetheless treat the information as "CONFIDENTIAL" absent agreement of the designating party or order of the Court to the contrary.

16.     The parties to this Order and their counsel shall attempt to reach a stipulated agreement regarding the use at trial of any Confidential Information for submission to the Court for its approval.  If the parties are unable to reach an agreement, they will submit the issue to the Court for decision.

17.     Failure to oppose the designation of documents as Confidential Information shall not constitute an admission or concession by the non-designating party that the document or the information therein is confidential, proprietary property or trade secrets.

18.     Nothing in this Order shall prevent a party from seeking any change or modification in this Order.

19.     Within 30 days after a termination of this action whether by final adjudication, settlement, or otherwise, any party who designated Confidential Information may request the destruction of all such designated documents, together with all copies of same,

1  including extracts or summaries thereof or documents containing information taken therefrom, in the actual or constructive possession, custody or control of any party. If a party requests the destruction of Confidential Information by the party receiving Confidential Information, the party destroying Confidential Information shall certify in writing that all Confidential Information has been destroyed within a reasonable time of the requested destruction. The provisions of this paragraph do not apply to materials filed or submitted to the Court pursuant to Civil Local Rule 79-5(f).

20.  Nothing in this Order shall limit any confidentiality obligation any party has to another party by law or by contract.

21.  This Order shall be without prejudice to the right of any party to object to the production of any information or to object to the admission of evidence on any lawful ground.

Dated: October 2, 2008

ORRICK, HERRINGTON & SUTCLIFFE, LLP

/s/ Daniel J. Weinberg /s/
Daniel J. Weinberg
Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

Dated: October 2, 2008

DRINKER, BIDDLE & REATH, LLP

/s/ Mark D. Sheridan /s/
Mark D. Sheridan
Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: October 2, 2008

Respectfully submitted,

/s/ Daniel J. Weinberg/s/
Daniel J. Weinberg

/ / /

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2
3  Dated:    10/21/09                          _____
                                                United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") dated October 21, 2009, in *Seagate Technology, Inc.*, v. *National Union Fire Insurance Company of Pittsburgh, PA,* Case No. C 07-5700 JW.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order. I further understand that by signing below, I consent to jurisdiction of the United States District Court, Northern District of California solely for the purpose of any proceeding to enforce the terms of the Order.

Dated: _____

_____
(Signature)

OHS West:260524856.1

- 8 -

PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY